Ryan Thomas Bravo
ABA No. 1511091
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:     (907) 276-2999
Facsimile:     (907) 276-2956
E-mail: Ryan.Bravo@cdlaw.pro

Siena Moberly Caruso
ABA No. 1609072
SHOOK, HARDY & BACON, L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone:     (949) 975-1744
Facsimile:     (949) 475-0016
E-mail: scaruso@shb.com
(Alaska federal bar admission currently pending)

Lawyers for Plaintiff
COMMERCE AND INDUSTRY INSURANCE COMPANY

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br> vs.<br><br>BLACK GOLD EXPRESS, INC., BLACK GOLD LOGISTICS CORPORATION, BLACK GOLD OILFIELD SERVICES LLC, and ROCK & DIRT ENVIRONMENTAL, INC.,<br><br>    Defendants. | Civil Action No. 3:17-cv-_____ |

## **COMPLAINT**

Plaintiff Commerce and Industry Insurance Company, by its undersigned attorneys, hereby

seeks recovery from Black Gold Express, Inc., Black Gold Logistics Corporation, Black Gold

Oilfield Services LLC, and Rock & Dirt Environmental, Inc. (collectively referred to as "the Defendants"); in support, it states as follows:

**PARTIES**

1. Commerce and Industry Insurance Company ("Commerce and Industry") is an insurance company organized under the laws of the State of New York, with its principal place of business located at 175 Water Street, New York, New York 10038.

2. Black Gold Express, Inc. ("Black Gold Express") is an Alaska corporation with its principal place of business in Fairbanks, Alaska, and may be served with process through its registered agent, James Huffman, 150 Eagle Ave. Box 1, Fairbanks, Alaska 99701.

3. Black Gold Logistics Corporation ("Black Gold Logistics") is an Alaska corporation with its principal place of business in Fairbanks, Alaska, and may be served with process through its registered agent, James Huffman, 150 Eagle Ave. Box 4, Fairbanks, Alaska 99701.

4. Black Gold Oilfield Services LLC ("Black Gold Oilfield Services") is an Alaska company with its principal place of business in Fairbanks, Alaska, and may be served with process through its registered agent, James Huffman, 150 Eagle Ave. Box 3, Fairbanks, Alaska 99701.

5. Rock & Dirt Environmental, Inc. ("Rock & Dirt Environmental") is an Alaska corporation with its principal place of business in Fairbanks, Alaska, and may be served with process through its registered agent, Leslie Huffman, 1648 S. Cushman St., Ste. 205, Fairbanks, Alaska 99701.

**JURISDICTION AND VENUE**

6. Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

7. The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1332 because Commerce and Industry is a citizen of New York and the Defendants are citizens of Alaska; in addition, as set forth below and incorporated herein, the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. This action properly lies in the District of Alaska, under 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district.

## GENERAL ALLEGATIONS

9. Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

10. As set forth below, Commerce & Industry issued policies to Defendants under two separate contracts.

### A. Contract 499125

11. On or about April 25, 2014, Commerce and Industry issued to the Defendants a contract ("Contract 499125") for four insurance policies ("the Policies") for the policy period of April 1, 2014 to April 1, 2015:

- Policy Number WC 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: a workers' compensation and employers liability insurance policy issued to Black Gold Express, Black Gold Logistics, and Rock & Dirt Environmental;[1]

- Policy Number WC 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: a workers' compensation and employers liability insurance policy issued to Black Gold Oilfield Services;[2]

---

[1] A true and correct copy of the relevant portions of Policy number WC 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 is attached hereto and incorporated by reference herein as **Exhibit 1**.

[2] A true and correct copy of the relevant portions of Policy number WC 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 is attached hereto and incorporated by reference herein as **Exhibit 2**.

- Policy Number CA 363-22-60: a commercial auto insurance policy issued to Black Gold Express;[3] and

- Policy Number GL 190-32-51: a general liability insurance policy issued to Black Gold Express.[4]

### B. Contract 499126

12. On or about April 29, 2015, Commerce and Industry issued to the Defendants a second contract ("Contract 499126"), renewing the Policies for the policy period of April 1, 2015 to April 1, 2016:

- Policy Number WC 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: a workers' compensation and employers liability insurance policy issued to Black Gold Express, Black Gold Logistics, and Rock & Dirt Environmental;[5]

- Policy Number WC 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: a workers' compensation and employers liability insurance policy issued to Black Gold Oilfield Services;[6]

- Policy Number CA 363-22-60: a commercial auto insurance policy issued to Black Gold Express, Black Gold Logistics, Black Gold Oilfield Services, and Rock & Dirt Environmental;[7] and

---

[3] A true and correct copy of the relevant portions of Policy number CA 363-22-60 is attached hereto and incorporated by reference herein as **Exhibit 3**.

[4] A true and correct copy of the relevant portions of Policy number GL 190-32-51 is attached hereto and incorporated by reference herein as **Exhibit 4**.

[5] A true and correct copy of the relevant portions of Policy number WC 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 is attached hereto and incorporated by reference herein as **Exhibit 5**.

[6] A true and correct copy of the relevant portions of Policy number WC 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 is attached hereto and incorporated by reference herein as **Exhibit 6**.

[7] A true and correct copy of the relevant portions of Policy number CA 363-22-60 is attached hereto and incorporated by reference herein as **Exhibit 7**.

- Policy Number GL 190-32-51: a general liability insurance policy issued to Black Gold Express.[8]

### C. Terms And Conditions Under Contracts 499125 and 499126

13. The above-referenced Policies issued to the Defendants (the "Policies") at the inception of the coverage periods — which are incorporated herein — are contracts of insurance between Commerce and Industry and the Defendants.

14. Throughout the coverage periods, Commerce and Industry provided the Defendants with the insurance protection set forth in the Policies.

15. The Defendants received and accepted the insurance coverage of the Policies, which required the Defendants to pay all premium due and owing; the Defendants further accepted the provisions in the Policies providing that Defendants would be subject to a final audit to review the Defendants' books and records to determine the final premium due under each policy, and for each policy period.[9]

16. The Defendants were required to pay the insurance premium as compensation to Commerce and Industry for the insurance coverage provided for in the Policies.

17. At the inception of the policy periods, Commerce and Industry calculated the estimated premium pursuant to the Policies' terms and conditions.

18. Commerce and Industry calculated the estimated premium based on documents and information provided by the Defendants.

19. The final premium determinations were made after the end of the coverage periods based upon audits of the Defendants' operations, books, records, and documents.

---

[8] A true and correct copy of the relevant portions of Policy number GL 190-32-51 is attached hereto and incorporated by reference herein as **Exhibit 8**.

[9] **Exhibits 1, 2, 5, 6**, at Part Five; **Exhibits 3, 7,** at Section IV(B); **Exhibits 4, 8,** at Section IV.

20. Commerce and Industry fully performed all conditions required of it in connection with the insurance coverage provided under the Policies, including paying claims on the Policies.

### D. Additional Premium Due Under Contracts 499125 and 499126

21. The audits of the Policies under Contracts 499125[10] and 499126[11] revealed that the Defendants owed, after applicable adjustments, an additional premium of $523,278 as of October 2016.

22. Since completion of the audits, the Defendants have made certain payments toward the premium due and owing.

23. Despite making certain payments, the Defendants have failed to remit the amount owed for the Policies; to date, the remaining total balance due from the Defendants on the Policies is $493,278.

### COUNT I – BREACH OF CONTRACT

24. Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

25. Commerce and Industry issued the Policies to the Defendants.[12]

26. The Policies issued by Commerce and Industry to the Defendants created valid, binding, and enforceable contracts for insurance between the parties.

27. The Defendants contracted for and received the benefits of coverage under the written Policies; in exchange, the Defendants agreed to pay the premium due.

28. Commerce and Industry determined the final premium owed by the Defendants

---

[10] A true and correct copy of the audit invoice for Contract 499125 is attached hereto and incorporated by reference herein as **Exhibit 9**.

[11] A true and correct copy of the audit invoice for Contract 499126 is attached hereto and incorporated by reference herein as **Exhibit 10**.

[12] **Exhibits 1-8**.

COMPLAINT  *Commerce and Industry Ins. Co. v. Black Gold Express, Inc., et al.*
Page 6 of 8

Case 3:17-cv-00065-SLG   Document 1   Filed 03/24/17   Page 6 of 8

through audits of the Defendants' books and records, using the proper exposure and rates that applied to the risk associated with each of the Defendants' covered lines of business.

29. After the audits, Commerce and Industry invoiced the Defendants a total of $523,278 for outstanding balances due on the Policies under Contracts 499125 and 499126 as of October 2016.[13]

30. All conditions precedent to Commerce and Industry's claim for relief has been performed or has been waived.

31. Despite making certain payments, the Defendants have failed to remit the amount owed for the Policies; and the total balance due from the Defendants on the Policies is $493,278, plus pre-judgment interest, post-judgment interest, and costs.

## COUNT II – UNJUST ENRICHMENT

32. Commerce and Industry incorporates by reference each and every allegation contained in the above paragraphs.

33. In the alternative to any claim for breach of contract, the Defendants are liable to Commerce and Industry under the doctrine of unjust enrichment.

34. At all relevant times herein, Commerce and Industry conferred benefits on the Defendants by providing the Defendants with workers' compensation and employers' liability insurance, general liability insurance, and commercial auto insurance.

35. At all relevant times herein, the Defendants had knowledge of the benefits conferred by Commerce and Industry.

36. The Defendants voluntarily accepted, received, and retained the benefits provided by Commerce and Industry.

---

[13] **Exhibits 9-10.**

37. The Defendants were enriched by the benefits conferred by Commerce and Industry.

38. The Defendants did not pay Commerce and Industry for the full value of the benefits received.

39. Commerce and Industry asserts that the unpaid value of the insurance coverage that it provided to the Defendants equals $493,278.

40. Despite receipt of this enrichment, the Defendants have refused to make full payment to Commerce and Industry.

41. The Defendants' enrichment is unjust.

42. The Defendants' retention of benefits under these circumstances violates fundamental principles of justice, equity, and good conscience; indeed, the circumstances in question render the Defendants' retention of the benefits inequitable unless the Defendants pay Commerce and Industry for the value of the benefit received.

43. As a result of the Defendants' unjust enrichment, Commerce and Industry is owed $493,278, plus any pre-judgment and post-judgment interest and costs.

WHEREFORE, Commerce and Industry seeks a judgment against the Defendants in an amount no less than $493,278, plus costs incurred, pre-judgment and post-judgment interest at the legal rate, attorney fees as allowed by law, and such other and further relief as the Court deems proper and just.

DATED at Anchorage, Alaska this 23rd day of March, 2017.

CLAYTON & DIEMER, LLC
Attorneys for Plaintiff

By: *Ryan Thomas Bravo*
Ryan Thomas Bravo
ABA No. 1511091